NOT DESIGNATED FOR PUBLICATION

No. 126,722

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JACOB J. OHNMACHT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE GATTERMAN, judge. Opinion filed November 7, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ISHERWOOD, P.J., CLINE, J., and COURTNEY D. CRAVER, District Judge, assigned.

CLINE, J.: Jacob J. Ohnmacht timely appeals the district court's denial of his motion to correct illegal sentence. We granted his unopposed motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48).

Ohnmacht asserts the district court erred in sentencing by improperly scoring his criminal threat conviction, resulting in a criminal history score of B instead of D. He argues that his criminal threat conviction cannot be considered for criminal history purposes because in *State v. Boettger*, 310 Kan. 800, 822-23, 450 P.3d 805 (2019), our Supreme Court held the provision outlawing reckless criminal threat in K.S.A. 21-5415(a)(1) was unconstitutional.

1

After reviewing the record, we find no error. The district court denied Ohnmacht's motion because he was convicted in 2017 under K.S.A. 21-5415(a)(2), not K.S.A. 21-5415(a)(1).

In *Boettger*, the Kansas Supreme Court held that K.S.A. 21-5415(a)(1), which defines "criminal threat" to include a threat to "'[c]ommit violence communicated with intent to place another in fear . . . or in reckless disregard of the risk of causing such fear,'" unconstitutionally criminalizes reckless criminal threat. 310 Kan. at 803, 822-23. But Ohnmacht was not convicted under this provision. Instead, he was convicted under K.S.A. 21-5415(a)(2), which pertains to a criminal threat to: "adulterate or contaminate any food, raw agricultural commodity, beverage, drug, animal feed, plant or public water supply." This subsection of the statute does not mention recklessness, which is the language our Supreme Court found unconstitutionally overbroad.

Since Ohnmacht was not convicted under the subsection of the statute rendered unconstitutional in *Boettger*, 310 Kan. at 823, we agree his criminal history score was accurately scored as B. We therefore find the district court properly denied his motion.

Affirmed.